IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN HEPP | : |
| | : |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : |
| FACEBOOK, INC., IMGUR, INC., REDDIT, INC., GIPHY, INC., WGCZ S.R.O. and DOES 1-10 | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Karen Hepp ("Plaintiff"), by and through her attorneys, Cohen Fineman, LLC, for her Complaint against Defendants, Facebook, Inc., Imgur, Inc., Reddit, Inc., Giphy, Inc., WCGZ, S.R.O. and Does 1-10 (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action resulting from Defendants' violations of Pennsylvania's "Right of Publicity" statute, 42 Pa. Cons. Stat. § 8316, and Plaintiff's common law right of publicity stemming from Defendants' usurpation and unlawful use of her image.

2. Plaintiff, a public figure, has suffered irreparable harm from the unlawful dissemination and publication of her image on various commercial websites.

## JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendants in that, among other things: (a) Defendants are engaged in tortious conduct within the Commonwealth of Pennsylvania and in this District, including by using Plaintiff's image without her authorization and (b) Defendants' conduct causes injury to Plaintiff within the Commonwealth of Pennsylvania.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, omissions and events giving rise to the claims asserted in this Complaint occurred in this judicial district.

## PARTIES

6. Plaintiff, Karen Hepp, is an adult individual residing at 737 South Latches Lane, Merion Station, Pennsylvania 19066.

7. Defendant, Facebook, Inc., on information and belief, is a for-profit corporation organized and existing under the laws of Delaware, having its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

8. Defendant, Facebook, Inc., owns and operates "Facebook.com," one of the world's largest social media internet sites.

9. Defendant, Imgur, Inc., on information and belief, is a for-profit corporation organized and existing under the laws of Delaware, having its registered agent, Incorporating Services, Ltd., located at 3500 S. Dupont Highway, Dover, Delaware 19901.

10. Defendant, Imgur, Inc., is an internet-based online image-sharing business that owns and operates the website known as "Imgur.com."

11. Defendant, Reddit, Inc., on information and belief, is a for-profit corporation organized and existing under the laws of Delaware, having its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

12. Defendant, Reddit, Inc., is an American social news aggregation company that owns and operates the website known as "Reddit.com."

13. Defendant, Giphy, Inc., on information and belief, is a for-profit corporation organized and existing under the laws of Delaware, having its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

14. Defendant, Giphy, Inc., owns and operates a website known as "Giphy.com" that consists of an online database and search engine that allows users to search for and share short looping videos.

15. Defendant, WCGZ, S.R.O., on information and belief, is a limited liability company existing under the laws of the Czech Republic and having a place of business at Praha 1 - Nové Město, Krakovská 1366/25, PSČ 110 00 Czech Republic.

16. Defendant, WCGZ S.R.O., owns and operates "XNXX.com," a popular adult-oriented website featuring pornographic materials.

17. Defendants Does 1 through 10 are the owners and operators of other websites and/or media outlets. Plaintiff is unaware of the true names or capacities of Does 1 through 10. Plaintiff is informed and believes, and on that basis avers, that Does 1 through 10 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the other Defendants, and/or (c) otherwise participated in the

acts alleged herein with the other Defendants. Accordingly, Defendants Does 1 through 10 each are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Plaintiff as alleged herein. Plaintiff will amend the Complaint to state the true names of Defendants Does 1 through 10 when their identities are discovered.

## FACTS GIVING RISE TO THIS ACTION

18. Plaintiff is a professional television news anchor and joined the FOX 29 News team (Philadelphia-based) in November of 2010.

19. Plaintiff is a co-anchor of the 4 am to 6 am hours of "Good Day Philadelphia," a morning news program, and joins the set as co-host for the final hour of the show from 9 am to 10 am.

20. Prior to joining FOX 29, Plaintiff worked at WNYW-TV in New York City, anchoring Good Day Wakeup.

21. Plaintiff joined Fox 5 in January of 2005 as the weekend anchor.

22. Plaintiff previously worked for NBC-owned-and-operated stations for 8 years including: WNBC in New York; WCAU in Philadelphia; and WVIT in Connecticut. Her career began in Binghamton, New York and Rochester, New York.

23. Plaintiff graduated from New York University and hails from the Philadelphia region.

24. Approximately two years ago, Plaintiff discovered through her co-workers and managers, that, without her consent, a photograph of her taken by a security camera in a convenience store located in New York City was being used in online advertisements for erectile dysfunction and dating websites.

25. Plaintiff was unaware that her photograph was taken in said convenience store and does not know the identity or the location of the store or how her photograph was secured. A true and

correct copy of the photograph is attached hereto, made a part thereof and marked as Exhibit "A." Said photograph shall be referred to hereafter as "The photo."

26. Plaintiff has since learned that The Photo has appeared illegally on many other websites.

27. The photo was featured in a Facebook advertisement soliciting users to "meet and chat with single women." A true and correct copy of said advertisement is attached hereto, made a part hereof and marked as Exhibit "B."

28. The photo was featured on Imgur under the heading "milf," which is a derogatory and degrading slang acronym that refers to a sexually attractive woman with young children. The Imgur link address is https://i.imgur.com/0lulkf2.jpg. A true and correct copy of said photograph within the Imgur website is attached hereto, made a part hereof and marked as Exhibit "C."

29. The photo was featured on Reddit titled "Amazing" in the subgroup r/obsf ("older but still $#^@able") and posted by a user known as "pepsi_next." There is a hyperlink for the photograph which links to the Imgur site. The Reddit url address is https://www.reddit.com/r/obsf/comments/5owd59/amazing/dcnh8wj/. A true and correct copy of said photograph within the Reddit website is attached hereto, made a part hereof and marked as Exhibit "D."

30. The photo was modified and featured on Giphy wherein a video appears in the background of a man -- who is hiding behind a glass commercial freezer door and masturbating -- to what would appear, from his perspective, to be the backside of Plaintiff. The Gighy url addresses of this combination image/video are as follows: 1) https://i.giphy.com/media/NfApNcuyg8mzK/giphy.mp4; 2) https://media.giphy.com/media/NfApNcuyg8mzK/giphy.gif, and 3) https://media.giphy.com/media/l41YmuCE7ZZQeQd1e/giphy.gif. A true and correct copy of

said image/video within the Giphy website is attached hereto, made a part hereof and marked as Exhibit "E."

31. The photo was featured on the XNXX site in the "milf" gallery 44/46 and can be easily downloaded. The XNXX site url address is https://multi.xnxx.com/gallery/1116129/a34b/milf_gallery_44_46/. A true and correct copy of said photograph within the XNXX website is attached hereto, made a part hereof and marked as Exhibit "F."

## COUNT I
### (Violation of 42 Pa. Cons. Stat. § 8316)

32. The averments contained in Paragraphs 1 through 31 of this Complaint are incorporated herein by reference as though set forth in full.

33. Plaintiff is a well-known public figure who has spent years honing her skills as a professional television broadcaster.

34. Plaintiff is well-regarded in the Philadelphia community and has earned an excellent reputation as a moral and upstanding community leader and public person.

35. Her image has high intrinsic commercial value.

36. Through their actions, described *supra*, Defendants have appropriated Plaintiff's likeness, which has commercial value, and used same for commercial purposes without Plaintiff's written consent.

37. Defendants knew, based upon Plaintiff's notoriety, that the Photo depicted Plaintiff and no one else.

38. Plaintiff's image is instantly identifiable and automatically associated with Plaintiff's professional persona.

39. Defendants' sexualization of Plaintiff's image and use for prurient and illicit purposes is abhorrent and disgusting.

40. Defendants' actions with respect to Plaintiff's image have caused serious, permanent and irreparable harm to Plaintiff's reputation.

41. Plaintiff seeks an affirmative injunction mandating that all Defendants remove Plaintiff's image immediately from their respective websites.

42. Plaintiff seeks compensatory damages to redress Defendants' wrongful use of Plaintiff's image.

## COUNT II
### (Pennsylvania common law right of publicity)

43. Plaintiff incorporates by reference paragraphs 1 through 42 as if set forth in full.

44. Defendants appropriated Plaintiff's valuable likeness, without authorization, and used it to their commercial advantage.

45. Under the common law in Pennsylvania, Plaintiff maintains an exclusive entitlement to control the commercial value of her name and/or likeness and to prevent others from exploiting it without permission.

46. Under the circumstances presented here, Plaintiff would never have permitted any of the Defendants to use her image to promote prurient and base interests.

47. Defendants' actions with respect to Plaintiff's image have caused serious, permanent and irreparable harm to Plaintiff's reputation.

48. Plaintiff seeks an injunction mandating that all Defendants remove Plaintiff's image immediately from their respective websites.

49. Plaintiff seeks compensatory damages to redress Defendants' wrongful use of Plaintiff's image.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor on each and every claim for relief set forth above and award her relief including, but not limited to, an Order:

1. Preliminarily and permanently enjoining Defendants, their officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, licensees, internet service providers, and all persons acting in concert or participation with them from publishing Plaintiff's photograph.

2. Requiring Defendants to take down Plaintiff's photograph and any and all related images/videos and advertisements using Plaintiff's image for promotion on all websites, threads and chat rooms.

3. Requiring Defendants to provide Plaintiff with an accounting of any and all revenue and profits derived from the exploitation of Plaintiff's image.

4. Awarding Plaintiff monetary relief including damages sustained by Plaintiff in an amount not yet determined, including actual damages, reputational damages, and/or Defendants' profits in an amount in excess of $10,000,000.

5. Awarding Plaintiff her costs and attorneys' fees in this action.

6. Awarding such other and further relief as this Court may deem just and appropriate.

Plaintiff demands a trial by jury.

Respectfully submitted,

COHEN FINEMAN, LLC

_____ (PA ID No. 75717)
Samuel B. Fineman, Esq.
Attorney for Plaintiff
1999 Marlton Pike E., Suite 4

Cherry Hill, NJ 08003
(856) 304-0699 – tel.
(856) 489-5088 – fax
sfineman@cohenfineman.com