UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN HEPP,** | Case No. 2:19-cv-04034 |
| Plaintiff, | Hon. John Milton Younge |
| v. | |
| **FACEBOOK, INC., IMGUR, INC., REDDIT, INC., GIPHY, INC., WGCZ S.R.O and DOES 1-10,** | |
| Defendants. | |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on April 16, 2020 and submit the following report of their meeting for the Court's consideration:[1]

### 1. Discussion of Claims, Defenses and Relevant Issues

**Plaintiff's statement of claims.** Plaintiff alleges that Defendants, **Facebook**, **Reddit**, **Giphy**, and **Imgur,** via their respective websites, published without Plaintiff's permission a lewd photograph of Plaintiff, who is a recognizable public figure engaged in television broadcasting in the Philadelphia region. Plaintiff cannot attest to the exact provenance of the photograph. For its part, **Giphy** published an altered, animated version of the photograph that depicts in the background a man hiding behind a glass commercial freezer door and masturbating, to what would appear, from his perspective, to be the backside of Plaintiff.

---

[1] By participating in the Rule 26(f) conference and submitting this report, Defendants expressly do not waive any defenses available to them, including but not limited to defenses related to personal jurisdiction and venue.

1

Plaintiff contends that the defendants' individual acts violate 42 Pa. Cons. Stat. § 8316 and Pennsylvania's common law right of publicity. Plaintiff vehemently challenges the sufficiency of the defendants' proffered defenses.

**Defendants' discussion of their defenses.** On March 2 and 3, 2020, defendants **Facebook**, **Reddit**, **Giphy**, and **Imgur** individually and separately moved to dismiss the Amended Complaint on various grounds.

**Reddit**, **Giphy**, and **Imgur** moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over Plaintiff's claims as to them. **Giphy** also moved for dismissal pursuant to Rule 12(b)(3) because venue is improper in the Eastern District of Pennsylvania.

All four Moving Defendants also seek dismissal of the Amended Complaint for a variety of reasons pursuant to Rule 12(b)(6). First, **all four Moving Defendants** assert that the action is preempted by Section 230 of the federal Communications Decency Act. Second, **Reddit** and **Giphy** assert that Plaintiff's claims are barred by the (at most) two-year statute of limitations set forth in 42 Pa. Cons. Stat. § 5524(7), as the relevant images were allegedly made available on their platforms more than two years before she filed her initial complaint. Finally, **Facebook**, **Giphy**, and **Imgur** also assert that the Amended Complaint should be dismissed because: (i) Plaintiff fails to allege (and does not contend) that any of them had "actual knowledge" that her likeness was posted on their platforms without her consent, as required by 42 Pa. Cons. Stat. § 8316(d); (ii) Plaintiff fails to allege that any of them held out her image for any commercial or advertising purpose, a necessary element of her common law and statutory claims; and (iii) Plaintiff's common law cause of action is no longer valid as it has been subsumed by her statutory cause of action.

Additionally, waiver of service was effected as to defendant **WGCZ a.s.** on April 16, 2020. WGCZ, which is a Czech Republic company with no operations in the United States, intends to file a motion to dismiss the Amended Complaint for lack of personal jurisdiction as to WGCZ.

Because the dispositive grounds contained in the Moving Defendants' dismissal papers and WGCZ's forthcoming motion to dismiss do not require any fact-finding, Defendants maintain that this case can therefore be resolved without discovery. However, in the event that the Court wishes to see a more developed factual record before ruling on these purely legal arguments, various defendants would anticipate discovery on issues including but not limited to: (1) the dates on which the image in question was first made available on their websites, (2) how the image came to be posted on their websites; (3) when and how Plaintiff became aware of the existence of the image on the websites; and (4) any purported damages incurred by Plaintiff.

### 2. Informal Disclosures

The parties exchanged Rule 26(a) initial disclosures on February 13, 2020.[2] The parties do not anticipate any further informal disclosures at this time.

### 3. Formal Discovery

The parties have begun formal discovery. However, the parties have discussed the significant anticipated difficulty in conducting substantial fact discovery amid the current COVID-19 public health crisis, as counsel and parties are subject to various state, local, and international shelter-in-place orders, making travel for depositions impracticable and hazardous. Moreover, the crisis has significantly increased business contingency activities and economic

---

[2] WGCZ, a Czech company that recently waived service of process under Rule 4, will be providing its initial disclosures in the near future, along with a motion to dismiss for lack of personal jurisdiction.

strain on various parties to the litigation. Because of this crisis, and given the dispositive arguments for dismissal without discovery laid out in the motions to dismiss filed by Facebook, Reddit, Giphy, and Imgur, and the motion to dismiss for lack of personal jurisdiction expected to be filed in the near future by WGCZ, the parties request that the Court set the fact discovery cutoff at a date certain after the pleadings are closed.

The parties anticipate limited e-discovery at this time. The parties have discussed and are aware of their obligations to preserve electronically stored information. The parties have agreed to meet-and-confer regarding specific e-discovery protocols should the need arise from specific requests for production. Defendants are prepared to agree to an ESI stipulation.

The parties are drafting a stipulated protective order which will address, *inter alia*, confidentiality designations and procedures for the protection and clawback of privileged material.

### 4. Expert Witness Disclosures

The parties have agreed to a 75-day period for expert discovery following the close of fact discovery. The parties have agreed that any initial expert reports should be served no later than the 30th day of expert discovery, that any rebuttal reports should be served no later than the 60th day, and that any expert depositions must be taken in the remaining 15-day period before the close of expert discovery.

### 5. Early Settlement or Resolution

The parties have discussed the possibility of alternative dispute resolution. At this time, the parties believe that the litigation is not at an appropriate stage for the use of ADR processes.

### 6. Magistrate Jurisdiction

The parties discussed, but did not agree to, the possibility of transfer to magistrate

jurisdiction.

### 7. Trial Date

The parties agree that the ongoing COVID-19 public health crisis has placed them in a position where they are not able to provide a time frame for a trial date with sufficient confidence. In the event that the Court nevertheless wishes to set a range of time for a trial date, the parties will be prepared to discuss their possible availability at the Rule 16 conference.

### 8. Other Matters

The parties concluded the Rule 26(f) conference without discussion on any other matters.

**COHEN FINEMAN, LLC**

/s/ Samuel B. Fineman
Samuel B. Fineman (PA ID No. 75717)
1999 Marlton Pike, Suite 4
Cherry Hill, NJ 08003
(856) 304-0699
sfineman@cohenfineman.com

*Attorney for Plaintiff Karen Hepp*

**KILPATRICK TOWNSEND & STOCKTON LLP**


/s/ Tywanda Harris Lord
Tywanda Harris Lord (*pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500
Tlord@kilpatricktownsend.com

Dennis Wilson (*pro hac vice*)
9720 Wilshire Boulevard
Beverly Hills, CA 90212
(310) 248-3830
DWilson@kilpatricktownsend.com

**ROYER COOPER COHEN BRAUNFELD LLC**

Barry L. Cohen (PA ID No. 68864)
Two Logan Square
100 North 18th Street, Suite 710
Philadelphia, PA 19103
(484) 362-2628
bcohen@rccblaw.com

*Attorneys for Defendant Facebook, Inc.*


**LAW OFFICE OF MICHAEL D. LIPUMA**


/s/ Michael D. LiPuma
Michael D. LiPuma (PA ID No. 74790)
325 Chestnut Street, Suite 1109
Philadelphia, PA 19106
(215) 922-2126
mlipuma@lipumalaw.com

*Attorney for Defendant Imgur, Inc.*

**DURIE TANGRI LLP**

/s/ Vera Ranieri
Vera Ranieri (*pro hac vice*)
Joseph C. Gratz (*pro hac vice*)
Aditya V. Kamdar (*pro hac vice*)
217 Leidesdorff Street
San Francisco, CA 94111-3007
(415) 362-6666
vranieri@durietangri.com
jgratz@durietangri.com
akamdar@durietangri.com

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

Bonnie M. Hoffman (PA ID No. 201140)
Thomas N. Brown (PA ID No. 321008)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6993
(215) 568-6200
bhoffman@hangley.com
tbrown@hangley.com

*Attorneys for Defendant Reddit, Inc.*

**BOIES SCHILLER FLEXNER LLP**

/s/ Samuel S. Ungar
Samuel S. Ungar (*pro hac vice*)
1401 New York Avenue NW
Washington, DC 20005
(202) 237-2727
sungar@bsfllp.com

Joshua Michelangelo Stein (*pro hac vice*)
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
(213) 995-5715
jstein@bsfllp.com

Karen A. Chesley (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(212) 303-3525
kchesley@bsfllp.com

**LAW OFFICE OF ROBERT JACKEL**

Robert Jackel (PA ID No. 307716)
399 Market Street, Suite 360
Philadelphia, PA 19106
(225) 610-8060
rjackel@jackel-law.com

*Attorneys for Defendant Giphy, Inc.*

**SCHNADER HARRISON SEGAL & LEWIS LLP**

/s/ Samuel W. Silver     _____
Samuel W. Silver (PA ID No. 56596)
Daniel Gross (PA ID No. 324420)
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2309; 2596
ssilver@schnader.com
dgross@schnader.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Michael T. Zeller (*pro hac vice* motion to be filed)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
michaelzeller@quinnemanuel.com

Rachel Herrick Kassabian (*pro hac vice* motion to be filed)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
rachelkassabian@quinnemanuel.com

*Attorneys for WGCZ a.s*