IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN HEPP, | CIVIL ACTION |
| Plaintiffs, | |
| v. | |
| FACEBOOK, INC., IMGUR, INC., REDDIT, INC., GIPHY, INC., WGCZ S.R.O. AND DOES 1-10, | No. 19-CV-4034-JMY |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF WGCZ A.S.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

SCHNADER HARRISON SEGAL & LEWIS LLP

Samuel W. Silver
Daniel Gross
1600 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2309
ssilver@schnader.com
dgross@schnader.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Michael T. Zeller (pro hac vice pending)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
michaelzeller@quinnemanuel.com

Rachel Herrick Kassabian (pro hac vice pending)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
rachelkassabian@quinnemanuel.com

*Attorneys for WGCZ a.s.*

## I.      INTRODUCTION

This action should be dismissed because there is no personal jurisdiction over Defendant WGCZ a.s. ("WGCZ").  WGCZ has no intentional connections to Pennsylvania – no business, no property, no officers, no employees, and no bank accounts – so no general jurisdiction exists. Nor can Plaintiff show specific jurisdiction.  Plaintiff has claimed that her publicity rights were violated by a third-party user's alleged posting of her photograph on the XNXX.com website. But WGCZ does not own or operate that website, so it cannot form the basis of jurisdiction over WGCZ.

WGCZ should be dismissed from this action.

## II.     STATEMENT OF FACTS

### A.      **THE PARTIES**

As alleged in the Amended Complaint, Plaintiff Karen Hepp ("Plaintiff" or "Hepp") lives and works in Pennsylvania.  Amended Complaint ¶¶ 6, 37-38 (hereinafter, "Am. Compl.").  As also alleged, she has worked as a co-anchor for Fox 29, a Philadelphia-based news station, since November 2010.  Am. Compl. ¶¶ 37-38.  WGCZ is a Czech Republic corporation organized and existing under Czech Republic law with its principal place of business in Prague, Czech Republic.  Am. Compl. ¶ 34; Declaration of Robert Seifert in Support of WGCZ's Motion to Dismiss ¶ 3 (hereinafter, "Seifert Decl.").  WGCZ operates several adult websites.  It does not, however, operate XNXX.com or any other website at issue in Hepp's Amended Complaint. Seifert Decl. ¶ 4.

### B.      **THE AMENDED COMPLAINT ALLEGATIONS**

**Hepp's Substantive Allegations as to WGCZ.**  Plaintiff Hepp alleges that, approximately two years ago, she became aware of a photograph of herself taken, without her consent, by a security camera located in New York City.  Am. Compl. ¶ 43.  Hepp's substantive

allegations as to WGCZ are threadbare, comprising just two paragraphs out of her 73-paragraph amended complaint.  She alleges that "[t]he photo was featured on the XNXX site in the 'milf' gallery 44/46 and can be easily downloaded.  The XNXX site url address is: https://multi.xnxx.com/gallery/1116129/a34b/milf_gallery_44_46/.  A true and correct copy of said photograph within the XNXX website is attached hereto, made a part hereof and marked as Exhibit 'P.'"  Am. Compl. ¶ 50, Ex. P.

Plaintiff alleges WGCZ owns and operates the XNXX.com website.  Am. Compl. ¶ 35.

**Hepp's Jurisdictional Allegations as to WGCZ.**  Hepp pleads no facts addressing the question of personal jurisdiction as to WGCZ.  The Amended Complaint simply states that WGCZ "is a limited liability company existing under the laws of the Czech Republic and having a place of business at Praha 1 – Nove Mesto, Krakovska 1366/25, PSC 1100 00 Czech Republic."  Am. Compl. ¶ 34.

### C.     JURISDICTIONAL FACTS CONFIRM THAT WGCZ LACKS CONTACTS WITH THE FORUM

WGCZ is a Czech Republic corporation organized and existing under Czech Republic law with its principal place of business in Prague, Czech Republic.  Seifert Decl. ¶ 3.  WGCZ does not have an office in Pennsylvania, and is not registered to do business in Pennsylvania.  Seifert Decl. ¶ 5.  WGCZ has no Pennsylvania-based business operations, no Pennsylvania employees, owns no Pennsylvania property, rents no Pennsylvania property, and pays no Pennsylvania state taxes.  *Id*.  WGCZ does not hold any Pennsylvania bank accounts, has no Pennsylvania mailing addresses or phone numbers, and does not have any designated agents residing in, domiciled in, or doing business from Pennsylvania.  *Id*.  WGCZ also does not sell products or provide any services that are intentionally aimed or directed at Pennsylvania.  *Id*.  None of WGCZ's officers or directors reside in or are domiciled in Pennsylvania.  *Id*.  WGCZ

has never sought the protection of any Pennsylvania laws.  Seifert Decl. ¶ 6.  In addition, WGCZ does not direct any advertising for its business to Pennsylvania.  Seifert Decl. ¶ 8.

WGCZ does not own or operate the XNXX.com website on which Plaintiff bases her claims in this litigation and has not owned or operated that website since 2014.  Seifert Decl. ¶¶ 4, 10.  The website's Terms of Service, which are publicly available, confirm that NKL Associates s.r.o., a separate company, is the provider of XNXX.com.  Seifert Decl. ¶ 10, Ex. A. Thus, any effort by Hepp to rely upon the XNXX.com website for purposes of jurisdiction over WGCZ must fail because WGCZ has not owned or operated that website for years and is not otherwise responsible for it.  Seifert ¶ 10.

## III.    ARGUMENT

### A.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER WGCZ

#### 1.    Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs dismissals for lack of personal jurisdiction.  Plaintiff bears the burden of establishing that this Court has personal jurisdiction over each defendant.  *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007).  "A Rule 12(b)(2) motion, such as the motion made by the defendant[] here, is inherently a matter which requires resolution of factual issues outside the pleadings" (e.g., affidavits or other competent evidence).  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984).  In order for a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have a least "minimum contacts" with the forum.  *Time Share Vacation Club*, 735 F.2d at 63 (citation omitted); *see* 42 Pa. Cons. Stat. § 5322(b).  Personal jurisdiction

can be analyzed in the context of general jurisdiction or specific jurisdiction.[1]   *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

General jurisdiction is a very high standard and can only be found where "a defendant has maintained systematic and continuous contacts with the forum state . . . ."   *Marten*, 499 F.3d at 296.   "When foreign corporations are sued, 'the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.'"   *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 467 (E.D. Pa. 2019) (*citing Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

In contrast, "[s]pecific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state."   *Marten*, 499 F.3d at 296.   There are three prongs in the specific jurisdiction inquiry:  (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities that was purposefully directed at the forum"; and (3) the exercise of jurisdiction must "otherwise comport with fair play and substantial justice."   *Lutz*, 376 F. Supp. 3d at 463–64 (citations and quotations omitted).

Where, as here, the action arises in tort instead of contract, the specific jurisdiction inquiry employs an effects test based on *Calder v. Jones*, 465 U.S. 783 (1984), to determine whether "purposeful direction" exists.   The *Calder* test holds that personal jurisdiction can be based upon:  (1) an intentional tort, (2) expressly aimed at the forum state, (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered – in the forum state.   *Lutz*, 376 F. Supp. 3d at 466 (citing *Marten*, 499 F.3d at 297.   Only if the "expressly

---

[1]   While a court may in certain limited circumstances exercise Rule 4(k)(2) jurisdiction, also known as nationwide jurisdiction, Rule 4(k)(2) jurisdiction is unavailable here because Hepp's claims do not arise under federal law.   *See e.g., Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 555 (E.D. Pa. 2018) (citations omitted) (finding that plaintiff failed to produce sufficient evidence to establish personal jurisdiction based on Rule 4(k)(2)).

aimed" element of the *Calder* test is met does the Court need to consider the other two elements. *Marten*, 499 F.3d at 297.

*Zippo Mfg. Co. v. Zippo Dot Com., Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997), addressed the context of "whether a defendant established minimum contacts through cyberspace" sufficient to exercise personal jurisdiction. *See also Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211 (3d Cir. 2014); *Gorman v. Jacobs*, 597 F. Supp. 2d 541, 547 (E.D. Pa. 2009) (citations omitted) (holding that comments on a website were insufficient contacts with the forum state to support exercise of personal jurisdiction over defendants). The *Zippo* analysis uses a sliding scale to determine if personal jurisdiction exists based on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Ackourey*, 573 F. App'x at 212. Personal jurisdiction may exist "where a defendant uses an interactive commercial website to actively transact business with residents of the forum state," but it does not exist "where a passive website merely provides information that is accessible to users in the forum state". *Id.* at 211.

### 2.   There is No Basis for General Jurisdiction Over WGCZ in Pennsylvania

WGCZ is not subject to general jurisdiction in Pennsylvania. A court can exercise general jurisdiction only over a defendant who has maintained "continuous and substantial" contacts with the forum state. *Marten*, 499 F.3d at 296. Indeed, the contacts must be "so great as to render [the defendant] essentially at home in that state." *Jacobs v. Halper*, 116 F. Supp. 3d 469, 477 (E.D. Pa. 2015) (internal quotations and citations omitted) (granting motion to dismiss for lack of personal jurisdiction over New York-based corporate defendants that maintained websites that could be accessed by Pennsylvania residents).

Hepp cannot meet this high standard.  She has not pled a single fact as to WGCZ that would be considered in a general jurisdiction analysis.  Hepp cannot do so, because of all of the factors typically considered in the general jurisdiction analysis, ***not one*** is present here.  As discussed above, WGCZ does not have an office in Pennsylvania, is not registered to do business in Pennsylvania, has no Pennsylvania-based business operations, has no Pennsylvania employees, owns no Pennsylvania property, rents no Pennsylvania property, pays no Pennsylvania state taxes, hold no Pennsylvania bank accounts, has no Pennsylvania mailing addresses or phone numbers, has no designated agents residing in, domiciled in, or doing business from Pennsylvania, sells no products and provides no services that are intentionally directed at Pennsylvania, and has no officers or directors residing in or domiciled in Pennsylvania.  Seifert Decl. ¶ 5.  WGCZ does not do any advertising intentionally directed to Pennsylvania.  Seifert Decl. ¶ 8.  WGCZ thus does not have contacts with Pennsylvania that could conceivably be deemed substantial, continuous or systematic, and WGCZ cannot be found to be "*essentially at home*" in Pennsylvania.  *Jacobs*, 116 F. Supp. 3d at 477 (emphasis added).

### 3.    There is No Basis for Specific Jurisdiction Over WGCZ in Pennsylvania

Specific jurisdiction over WGCZ is also lacking here.  Indeed, it is a non-starter given that WGCZ does not own or operate the XNXX.com website Hepp alleges displayed a photograph of her in ostensible violation of her publicity rights.  But even performing such an analysis, Hepp pleads no facts as to any conduct whatsoever by WGCZ that could confer specific jurisdiction over it in Pennsylvania with respect to her claims.

(a)    Hepp Failed to Allege that WGCZ's Conduct Was Purposefully Directed at Pennsylvania

Regarding the first prong of the analysis, purposeful direction, Hepp has failed to meet the requirements of the *Calder* test.  To do so, Hepp must demonstrate that WGCZ "knew that

[Hepp] would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that [WGCZ] expressly aimed its tortious conduct at [Pennsylvania]." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998).

Hepp has not alleged that WGCZ committed *any* specific acts in Pennsylvania, let alone acts that were expressly aimed *or* purposefully directed here. She provides no factual support for her conclusory allegation that WGCZ "engaged in tortious conduct . . . which cause[d] injury to Plaintiff . . . [and] purposely avail[ed] [itself] of conducting activities within . . . Pennsylvania." Am. Compl. ¶ 4. This bare recitation of the purposeful direction element fails on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

It also is incorrect, because WGCZ does not own or operate the XNXX.com website at issue, as the site's Terms of Service publicly state and the evidence shows. Seifert ¶¶ 4, 10. Nor can WGCZ's operation of *other* websites support jurisdiction here. Hepp does not allege that any activities on any of those other websites gave rise to her claims in this case or indeed that the operation of those websites suffices to establish WGCZ intentionally directed any conduct toward Pennsylvania.[2] Thus, there is no basis at all for a finding that WGCZ engaged in any conduct at issue in this case whatsoever, let alone conduct that was directed to Pennsylvania.

> (b)     Hepp Failed to Allege that Her Claims Arise Out of Or Relate to WGCZ's Contacts With Pennsylvania

Plaintiff independently fails on the second prong of the specific jurisdiction inquiry because her claims do not "arise out of or relate to" at least one of WGCZ's contacts with

---

[2]   The mere fact that a party maintains an online website accessible within a jurisdiction is insufficient to establish specific jurisdiction. *See e.g.*, *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 212 (3d Cir. 2014) (finding website had a "low degree of commercial activity" and was "essentially passive" because it did "not permit customers to place orders, make payments, or engage in any business transactions."); *Kabbaj v. Simpson*, 547 F. App'x 84, 88 (3d Cir. 2013) ("Personal jurisdiction cannot lie solely on the basis that [defendant's] Internet postings may be accessed by individuals in [the forum state].").

Pennsylvania. *Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 616 (E.D. Pa. 2011). Specifically, the Third Circuit requires that there be a "but-for" causal relationship as a starting point for the analysis but further requires "a stronger connection" to meet the relatedness requirement. *Id*. at 617 (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 318 (3d Cir. 2007)). "But-for causation 'ensur[es] the existence of some minimal link between [the defendant's] contacts and [the plaintiff's] claims.'" *Id.*

Plaintiff Hepp pleads no facts whatsoever that any of the alleged conduct by WGCZ occurred here in Pennsylvania. In fact, Defendant WGCZ's offices, employees, and business activities are all located outside of Pennsylvania. Seifert Decl. ¶ 5. Plaintiff Hepp has failed to establish a "but-for" causal relationship and, therefore, has failed to meet even the minimum requirements under the second prong for specific jurisdiction.

(c)   Exercising Personal Jurisdiction Over WGCZ Would Be<br>Unreasonable

Even if there were some factual basis for exercising jurisdiction over WGCZ—and there is not—that exercise would be unreasonable and would fail to "comport with fair play and substantial justice." *Lutz*, 376 F. Supp. 3d at 464 (citation and quotation omitted). Every consideration weighs ***against*** finding jurisdiction. First and foremost, WGCZ is not the owner and operator of any website at issue in this case. Seifert Decl. ¶ 4. Furthermore, WGCZ does not intentionally direct its activities toward Pennsylvania. Seifert Decl. ¶ 5. Litigating in the Pennsylvania also would pose a great burden to WGCZ, given its complete lack of contacts here. *See also* Seifert Decl. ¶¶ 3, 11.

## IV.   CONCLUSION

For the foregoing reasons, WGCZ respectfully requests that the Court grant its Motion to Dismiss and dismiss plaintiff's claims against WGCZ for lack of jurisdiction.

Dated:  May 28, 2020                    Respectfully submitted,


                                        /s/ Samuel W. Silver
                                        SCHNADER HARRISON SEGAL & LEWIS LLP
                                        Samuel W. Silver
                                        Daniel Gross
                                        1600 Market Street
                                        Suite 3600
                                        Philadelphia, PA 19103
                                        Telephone: (215) 751-2309
                                        ssilver@schnader.com
                                        dgross@schander.com

                                        QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                        Michael T. Zeller (pro hac vice pending)
                                        865 S. Figueroa St., 10th Floor
                                        Los Angeles, California 90017
                                        Telephone: (213) 443-3000
                                        michaelzeller@quinnemanuel.com

                                        Rachel Herrick Kassabian (pro hac vice pending)
                                        555 Twin Dolphin Drive, 5th Floor
                                        Redwood Shores, California 94065
                                        Telephone: (650) 801-5000
                                        rachelkassabian@quinnemanuel.com

                                        *Attorneys for WGCZ a.s.*