**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN HEPP**, : | |
| : | |
| *Plaintiff* : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 19-4034-JMY |
| **FACEBOOK, INC., ET AL.**, : | |
| : | |
| *Defendants* : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                        **JUNE 5, 2020**

## I.   INTRODUCTION

This case arises out of the use of an allegedly unauthorized photograph of Plaintiff Karen Hepp, captured by a security camera in a New York City convenience store, that was then posted by third-party users on the respective websites and social media platforms of Defendants Facebook, Inc.; Imgur, Inc.; Reddit, Inc.; Giphy, Inc.; and foreign Defendant WCGZ, S.R.O. (*See* Amended Complaint ("Am. Compl."), ECF No. 50.)  Plaintiff asserts that she is a public figure who has suffered harm from the unlawful dissemination and publication of her image, and accordingly, she contends that Defendants have violated her common law and statutory right of publicity.

Defendants Facebook, Imgur, and Reddit have each filed Motions to Dismiss ("MTD") Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6), asserting, *inter alia*, immunity under the Communications Decency Act ("CDA"), 47 U.S.C. § 230.[1]  (*See* Imgur MTD and

---

[1] Giphy also filed a Motion to Dismiss (Giphy MTD, ECF No. 55).  However, on May 13, 2020, Plaintiff voluntarily dismissed Giphy from this lawsuit with prejudice.  (ECF No. 74.)  Accordingly, Giphy's Motion is no longer before the Court.

Mem., ECF Nos. 53, 53-1; Reddit MTD and Mem., ECF Nos. 54, 54-1; Facebook MTD, ECF No. 56 (collectively the "Motions to Dismiss").) The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, the Motions to Dismiss will be granted based on CDA immunity.[2]

## II.   BACKGROUND

### A.   Factual Background[3]

Plaintiff is a newscaster who has worked for the Philadelphia-based Fox 29 news team since November 2010. (Am. Compl. ¶ 37.) She "is a co-anchor of the 4 am to 6 am hours of

---

As to Defendant WGCZ S.R.O., the Amended Complaint alleges that it is "is a limited liability company existing under the laws of the Czech Republic" that "owns and operates 'XNXX.com,' a popular adult-oriented website featuring pornographic materials." (Am. Compl. ¶¶ 34-35.) WGCZ S.R.O.'s counsel executed a waiver of service on February 28, 2020. (*See* ECF No. 68.) On May 28, 2020, WGCZ S.R.O. filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(2), asserting lack of personal jurisdiction. (*See* WGCZ S.R.O. MTD, ECF No. 77.)) Plaintiff's response to WGCZ S.R.O.'s Motion is not due until June 11, 2020, (*see* Local Rule 7.1(c).). Because this Motion is not yet ripe, it is not addressed in this Memorandum.

[2] Imgur's and Reddit's Motions to Dismiss also assert that this Court lacks personal jurisdiction because the Amended Complaint does not allege any suit-related contacts with this forum by either of these Defendants. (*See* Imgur Mem. 4-10 and Reddit Mem. 9-12.) However, because Plaintiff's claims fail for the reason stated *infra*, the Court need not address personal jurisdiction over these Defendants. *See, e.g.*, 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (4th ed. 2020) ("Alternatively, when the jurisdictional question is complex or difficult, a court simply may avoid the issue by resolving the suit on the merits when they clearly must be decided in favor of the party challenging jurisdiction, thereby obviating any need to decide the question; that approach is possible even when the jurisdictional issue lacks complexity."); *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 329 (W.D. Pa. 2010) ("To streamline the decision making, courts, in situations where complex issues of personal jurisdiction exist and there is a pending motion which would be dispositive in favor of the party over whom jurisdiction is disputed, may defer ruling on the motion to dismiss and proceed to resolve the dispositive motion."); *see also Herrick v. Grindr LLC*, 765 F. App'x 586, 593 n.2 (2d Cir. 2019) ("Because the complaint must be dismissed in its entirety on the grounds of CDA immunity and failure to state claims, we need not address Grindr Holding's and KL Grindr's personal jurisdiction arguments.").

[3] The factual allegations in the Amended Complaint are accepted as true and construed in the light most favorable to Plaintiff as the non-moving party. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). The Court also adopts the CM/ECF docketing system pagination.

'Good Day Philadelphia,' a morning news program, and joins the set as co-host for the final hour of the show from 9 am to 10 am." (*Id.* ¶ 38.) Prior to working at Fox 29, Plaintiff worked for other news organizations in New York City, Philadelphia, and Connecticut. (*Id.* ¶¶ 39-41.)

Plaintiff alleges that "[a]pproximately two years ago, [she] discovered through her co-workers and managers, that, without her consent, a photograph of her taken by a security camera in a convenience store in New York City was being used in online advertisements for erectile dysfunction and dating websites." (*Id.* ¶ 43.) Plaintiff further alleges that she "was unaware that her photograph had been taken" in the store, that she "does not know the identity or the location of the store or how her photograph was secured," and that she "has since learned that the photograph has appeared illegally on many other websites." (*Id.* ¶¶ 44-45.)

With regard to the moving Defendants, Plaintiff alleges as follows:

- "[Her] photo was featured in a Facebook advertisement soliciting users to 'meet and chat with single women.'" (*Id.* ¶ 46.)

- "[Her] photo was featured on Imgur under the heading 'milf,' which is a derogatory and degrading slang acronym that refers to a sexually attractive woman with young children." (*Id.* ¶ 47.)

- "[Her] photo was featured on Reddit titled 'Amazing' in the subgroup r/obsf ('older but still $#^@able') and posted by a user known as 'pepsi_next.' There is a hyperlink for the photograph which links to the Imgur site." (*Id.* ¶ 48.)

The Amended Complaint also references and attaches as exhibits images and internet addresses of the websites on which her image appeared.[4] (*Id.* ¶¶ 46-48, Exs. L-M.) Significantly, the Amended Complaint does not allege that Defendants Facebook, Imgur, or Reddit created, authored, or directly published the content that is the subject of this lawsuit. (*See generally*, Am. Compl.)

---

[4] These exhibits and internet addresses include those related to former Defendant Giphy, which has been dismissed from this action.

Plaintiff alleges that the unauthorized dissemination of her image impacts her "image/brand on social media sites" and her "social media ranking" on sites such as Instagram and Twitter.  (*See*, *e.g.*, *id*. ¶¶ 51-55.)  In the specific counts of the Amended Complaint, Plaintiff alleges that "Defendants' actions with respect to [her] image have caused serious, permanent and irreparable harm" to "Plaintiff's reputation, brand and image."  (*Id.* ¶ 71; *see also id.* ¶ 64.)

### B.   Procedural History

Plaintiff filed this action on September 4, 2019, asserting in her original Complaint claims against Facebook, Imgur, Reddit, Giphy, WCGZ, S.R.O.*,* and Does 1-10,[5] alleging a claim for violation of 42 Pa. Stat. and Cons. Stat. Ann. § 8316 (Count I), and a claim under the Pennsylvania common law right of publicity (Count II).  (Compl., ECF No. 1.)  Subsequently, Defendants Imgur, Giphy, Reddit, and Facebook filed motions to dismiss the Complaint. (*See* ECF Nos. 29, 45, 46, 47.)

On February 18, 2020, while the motions to dismiss the original Complaint were pending, Plaintiff filed her Amended Complaint, again asserting claims against the above-noted Defendants under 42 Pa. Stat. and Cons. Stat. Ann. § 8316 (Count I), and the Pennsylvania common law right of publicity (Count II).  (*See generally* Am. Compl.)  Accordingly, the Court dismissed the motions to dismiss the original Complaint as moot.  (*See* ECF No. 51.)  In response to the Amended Complaint, Defendants Imgur, Reddit, and Facebook filed the Motions that are the subject of this Memorandum.[6]

---

[5] Plaintiff alleges that the Doe Defendants are "the owners and operators of other websites and/or media outlets" who either performed the acts alleged, "acted as agents, principals, alter egos, employees, or representatives of the other Defendants," or "otherwise participated in the acts alleged with the other Defendants."  (Am. Compl. ¶ 36.)

[6] When the motions to dismiss the original Complaint were filed, Plaintiff had not yet demonstrated proof of service of the Complaint on the foreign Defendant, WCGZ, S.R.O.  (*See* ECF Nos. 34, 43.)  Plaintiff later effected service upon WCGZ, S.R.O. pursuant to the Hague Convention and, as

**III.     LEGAL STANDARD**

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).  The plausibility determination is a "context-specific

---

noted above, its counsel executed a waiver of service. (*See* ECF Nos. 52, 68.)  The current Motions to Dismiss were filed before Defendant WCGZ, S.R.O.'s response to the Amended Complaint was due.  As further noted above, WCGZ, S.R.O. has since filed a Motion to Dismiss the Amended Complaint, which Motion is not yet ripe for decision.

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.  DISCUSSION

The moving Defendants contend that Plaintiff's statutory and common law right of publicity claims are barred by § 230(c) of the CDA.  (*See* ECF Nos. 53-1 at 15-18, 54-1 at 20-22, and 56-1 at 9-16.)  Recognizing that § 230(c) creates a safe harbor for internet service providers, Plaintiff argues that § 230(e)(2) carves out an exception for claims pertaining to state intellectual property rights.  (*See* ECF No. 61 at 2.)  This presents an issue of first impression not yet decided by our Third Circuit—whether CDA immunity extends to cases alleging infringement by an internet service provider in violation of the various and differing state right of publicity laws.

### A.   Section 230 of the Communications Decency Act

The CDA states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and expressly preempts any state law to the contrary.  47 U.S.C. § 230(c)(1), (e)(3).  In other words, internet service providers are not liable for third-party content.  Section 230 "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."  *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); *see also Green v. Am. Online*, 318 F.3d 465, 470-71 (3d Cir. 2003).  Under the statute there are, however, certain causes of action that are specifically not barred by § 230(c), including "any law pertaining to intellectual property."  47 U.S.C. § 230(e)(2).

"Section 230 was enacted, in part, to maintain the robust nature of Internet communication and, accordingly, to keep government interference in the medium to a

minimum." *Zeran*, 129 F. 3d at 330. In fact, many courts have observed that § 230 immunity should be broadly construed so as to implement Congress's policy choice. *See Saponaro v. Grindr, LLC*, 93 F. Supp. 3d 319, 325 (D.N.J. 2015) ("[T]he CDA manifests a Congressional policy supporting broad immunity."). In enacting the CDA, Congress stressed that "[t]he Internet and other interactive computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity." 42 U.S.C. § 230(a)(3). The statute further reads that the "policy of the United States" is to "preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation[.]" *Id*. § 230(b)(2). Considering this express policy, some courts have found that "[h]olding interactive service providers liable for third-party communications would have chilling implications for free speech on the internet." *Saponaro*, 93 F. Supp. 3d at 325; *see also Dimeo v. Max*, 433 F. Supp. 2d 523, 528 (E.D. Pa. 2006) (noting that without CDA protection, interactive computer services would either have to "employ an army of highly-trained monitors to patrol" its services, or "shut down" internet forums altogether).[7]

---

[7] The Court recognizes that on May 28, 2020, President Donald J. Trump issued an Executive Order relating to Section 230(c) (the "Executive Order"), which appears to be directed at preventing censorship by online platforms such as the moving Defendants in this case. *See* Executive Order On Preventing Online Censorship, available at https://www.whitehouse.gov/presidential-actions/executive-order-preventing-online-censorship/ (last accessed June 4, 2020). The Policy section of the Executive Order states, in part:

> In a country that has long cherished the freedom of expression, we cannot allow a limited number of online platforms to hand pick the speech that Americans may access and convey on the internet. This practice is fundamentally un-American and anti-democratic.
> * * *
> Online platforms are engaging in selective censorship that is harming our national discourse. Tens of thousands of Americans have reported, among other troubling behaviors, online platforms "flagging" content as inappropriate, even though it does not violate any stated terms of service; making unannounced and unexplained changes to company policies that have the effect of disfavoring certain viewpoints; and deleting content and entire accounts with no warning, no rationale, and no recourse.

*Id.* § 1. Policy.

## B. Defendants Meet the Criteria for Immunity under the CDA

"The elements required for Section 230(c) immunity are: (1) that the defendant is a provider or user of an 'interactive computer service;' (2) that the asserted claims treat the defendant as the publisher or speaker of the information; and (3) that the information is provided by another 'information content provider.'" *Parker v. Google, Inc.*, 242 F. App'x 833, 838 (3d Cir. 2007) (citing 47 U.S.C. § 230(c)(1)); *see also Dimeo*, 433 F. Supp. 2d at 529.

First, Plaintiff does not dispute that Defendants Facebook, Imgur, and Reddit are all providers of an "interactive computer service," as defined in § 230(f)(2). (*See generally* ECF Nos. 58 at 12-15, 60 at 11-15, 61 at 2-5.) The CDA defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server[.]" 47 U.S.C. § 230(f)(2). Here, all three Defendants fall squarely within that definition as providers of a website or social media platform, namely, "Facebook owns and operates . . . one of the world's largest social media internet sites[,]" "Imgur is an internet-based online image-sharing business[,]" and "Reddit is an American social news aggregation company[.]" (Am. Compl. ¶¶ 8, 10, 21.) Furthermore, this Court agrees with the other courts that have held that same or similar social media platforms fit the definition of an "interactive computer service" provider. *See*, *e.g.*, *Shulman v. Facebook.com*, No. 17-764, 2018 WL 3344236, at *7 (D.N.J. July 9, 2018) (concluding that Facebook is an interactive computer service); *Fields v. Twitter, Inc.*, 217 F. Supp.3d 1116, 1121

---

The Executive Order is the subject of a lawsuit filed June 2, 2020, which alleges that the Executive Order violates the First Amendment and "seeks to curtail and chill the constitutionally protected speech of all online platforms and individuals." *See* Complaint, *Ctr. for Democracy & Tech. v. Donald J. Trump*, No. 20-1456-TNM (D.D.C. June 2, 2020), ECF No. 1. Having reviewed the Executive Order and the context in which it was issued, the Court finds that it does not alter the Court's analysis of the CDA immunity issue in this case.

(N.D. Cal. 2016) (noting that Twitter is an interactive computer service provider); *Marfione v. KAI U.S.A., Ltd.*, No. 17-70, 2018 WL 1519042, at *6 (W.D. Pa. Mar. 28, 2018) (finding Instagram an interactive computer service); *see also Mmubango v. Google, Inc.*, No. 12-1300, 2013 WL 664231, at *2 (E.D. Pa. Feb. 22, 2013) ("Google is an interactive computer service provider.").

Second, Plaintiff seeks to hold Defendants liable for information provided by another information content provider. Under the statute, an "'information content provider' means any person or entity that is responsible . . . for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). "If a defendant did not create or author the statement in controversy, but rather is provided that statement by a third-party information content provider, then that defendant cannot be held liable under the CDA." *Mmubango*, 2013 WL 664231, at *2 (holding that the CDA immunizes the defendant against the plaintiff's claims for defamation and negligence). Here, Plaintiff does not explicitly allege that Facebook, Imgur, or Reddit created or developed the offending content (*i.e.*, postings, advertisements, and short-looping videos that utilized Plaintiff's image). Rather, it is reasonable to infer from the allegations in the Amended Complaint, and the exhibits attached thereto, that Defendants merely allowed the offending content to be posted on their respective platforms via third-party users. (*See* Am. Compl. ¶¶ 46-48; *see also* Ex.'s L-N.)

Lastly, Plaintiff's claims seek to treat each Defendant as a "publisher or speaker" of the content posted by third parties. *See* 47 U.S.C. § 230(c)(1). "The Third Circuit has held the CDA immunizes traditional publisher conduct, such as 'deciding whether to publish, withdraw, or alter content.'" *Obado v. Magedson*, No. 13-2382, 2014 WL 3778261, at *5 (D.N.J. July 31, 2014) (citing *Green*, 318 F.3d at 471). For the Defendants here, such decisions "involve deciding

9

whether to provide access to third-party content or whether to delete the content from [their] archiv[e] or cache." *Mmubango*, at *2. Thus, because Plaintiff's claims are premised on third-party-posted content that were hosted on each Defendants' respective platforms, these claims are not actionable under § 230.

In summary, the Court finds that Defendants meet the criteria for immunity under § 230 of the CDA.

### C. Plaintiff's Right of Publicity Claims Do Not Qualify for the "Any Law Pertaining to Intellectual Property" Exclusion

With respect to the CDA's exclusion for "any law pertaining to intellectual property[,]" the Court recognizes there that there is a split of authority over the scope of this exclusion. *See* 47 U.S.C. §230(e)(2). Specifically, there is disagreement between the Ninth Circuit and some district courts over whether the CDA preempts state law intellectual property claims. *Compare*, *e.g.*, *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118-19 (9th Cir. 2007) (holding that the CDA preempted a state right of publicity claim); *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1053 (9th Cir. 2019) ("We have observed before that because Congress did not define the term 'intellectual property law,' it should be construed narrowly to advance the CDA's express policy of providing broad immunity."); *with Doe v. Friendfinder Network, Inc.*, 540 F. Supp. 2d 288, 302 (D.N.H. 2008) (holding that the CDA did not preempt plaintiff's right of publicity claim); *Atlantic Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 704 (S.D.N.Y. 2009) ("Section 230(c)(1) does not provide immunity for either federal or state intellectual property claims.").[8] Plaintiff relies primarily upon the

---

[8] Moreover, the Court's research has yielded no case law from any other appellate courts that has clearly resolved whether the CDA preempts right of publicity claims. *See*, *e.g.*, *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 26 n.9 (1st Cir. 2016) (noting the split of authority over whether the CDA preempts right of publicity claims but not taking a position where plaintiffs' claims failed otherwise on the merits); *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1323-24 (11th Cir. 2006) (discussing but not

decision in *Atlantic Recording Corp.* to argue that her right of publicity claims are not preempted by the CDA. (*See* ECF Nos. 58 at 13-14, 60 at 12-13, 61 at 3-4.) However, for the reasons discussed further below, the Court declines to follow the district court opinion in *Atlantic Recording Corp.*, and instead finds that the reasoning of the Ninth Circuit in *Perfect 10* is more consistent with the statutory text and purpose of § 230(c).

In *Perfect 10*, a magazine publisher sued an online credit card processing company. *Perfect 10, Inc.*, 488 F.3d at 1108. Claiming that the defendant improperly used the plaintiff's copyrighted images, the plaintiff brought several state intellectual property claims, including an alleged violation of the right of publicity. *Id*. The defendant raised § 230 as a defense to this claim, but the district court summarily denied immunity. *Id*. On appeal, the Ninth Circuit reversed and held that the defendant was entitled to § 230 immunity against plaintiff's right of publicity claim, stating that the term 'intellectual property' is not defined in the statute, and that "[s]tates have any number of laws that could be characterized as intellectual property laws: trademark, unfair competition, dilution, right of publicity and trade defamation, to name just a few." *Id*. at 1107. The court noted that "[b]ecause such laws vary widely from state to state, no litigant will know if he is entitled to immunity for a state claim until a court decides the legal issue." *Id.* The Ninth Circuit further reasoned that "[a]s a practical matter, inclusion of rights protected by state law within the 'intellectual property' exemption would fatally undermine the

---

deciding the "difficult issues" of whether the CDA applies to a right of publicity claim, even though "there appears to be no dispute that the right of publicity is a type of intellectual property right"). Further, the Court's research has revealed no district court opinion within the Third Circuit that has squarely determined the issue. *See*, *e.g.*, *Parker v. Paypal*, No. 16-4786, 2017 WL 3508759, at *7 (E.D. Pa. Aug. 16, 2017) (holding, without discussing § 230(e)(2), that plaintiff's claim for right of publicity under California law was "clearly preempted and prohibited by § 230"); *Obado*, at *7 n.5 (noting the Ninth Circuit's position but finding that the plaintiff failed to state a claim for a right of publicity violation and therefore it was unnecessary to decide whether the claim was excluded from CDA preemption); *but see Evans v. Hewlett-Packard Corp*., No. 13-2477, 2013 WL 4426359, at *3 (N.D. Cal. Aug. 15, 2013) (holding plaintiff's claim under Pennsylvania's right of publicity statute preempted by the CDA).

11

broad grant of immunity provided by the CDA." *Id*. at 1108.  The Ninth Circuit did not expressly find the language of § 230(e)(2) to be ambiguous.  Rather, citing § 230(a) and (b), it construed the term "intellectual property" in subsection (e)(2) to mean "federal intellectual property," in light of "Congress's expressed goal of insulating the development of the Internet from the various state-law regimes."  *Id*. at 1118.  By contrast, the district court opinion cited by Plaintiff, which criticizes the Ninth Circuit, focuses solely on the language of § 230(e) and declines to consider the codified policy objectives.  *See Atlantic Recording Corp.*, 603 F. Supp. 2d at 703-04.

       This Court is persuaded by the reasoning in *Perfect 10*.  State laws that could arguably be construed as implicating "intellectual property" vary and are not uniform in their purposes and policy goals.  Conditioning CDA immunity on the diverse potentially applicable state laws would have a negative effect on the development of the internet, and, therefore, would run contrary to the purpose and intent of the CDA.  As the Ninth Circuit noted in *Perfect 10*:

> While the scope of federal intellectual property law is relatively well-established, state laws protecting "intellectual property," however defined, are by no means uniform. Such laws may bear various names, provide for varying causes of action and remedies, and have varying purposes and policy goals. Because material on a website may be viewed across the Internet, and thus in more than one state at a time, permitting the reach of any particular state's definition of intellectual property to dictate the contours of this federal immunity would be contrary to Congress's expressed goal of insulating the development of the Internet from the various state-law regimes.

*Perfect 10*, 488 F.3d at 1118; *see also Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1182 (10th Cir. 2016) ("When deciding whether a class of people qualify for immunity from suit, we look for that intent to be expressed in an explicit statutory or constitutional guarantee of immunity." (citing *Szehinkyzj v. Attorney Gen.*, 432 F.3d 253, 256 (3d Cir. 2005))).

In this Court's view, construing § 230(e)(2) as preserving only federal intellectual property claims is most fitting because this interpretation simultaneously maintains broad immunity in line with the CDA's stated congressional purpose. This preserves the scope of immunity within a predictable body of federal law as opposed to the diverse state law on the subject matter. *See Enigma Software Grp. USA, LLC*, 946 F.3d at 1053 (holding "that the intellectual property exception contained in § 230(e)(2) encompasses claims pertaining to an established intellectual property right under federal law, like those inherent in a patent, copyright, or trademark").

Accordingly, the Court holds that only federal intellectual property claims are excluded from the scope of CDA immunity, and for this reason, Plaintiff's statutory and common law right of publicity claims are barred by § 230(c) of the CDA.[9]

## V. CONCLUSION

For the reasons discussed above, the Court will grant the respective Motions of Defendants Facebook, Imgur, and Reddit. An appropriate Order will follow.

**IT IS SO ORDERED.**

                                                    **BY THE COURT:**

                                                    /s/ John Milton Younge
                                                    **Judge John Milton Younge**

---

[9] The Court recognizes that Defendants advance other arguments under Fed. R. 12(b)(6); however, given that the Court concludes Plaintiff's claims are barred by the CDA, the Court need not address these additional arguments.