**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREN HEPP**, | : | |
| | : | |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-4034-JMY |
| **FACEBOOK, INC., ET AL.**, | : | |
| | : | |
| *Defendants* | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                              **AUGUST  3 , 2020**

### I.   INTRODUCTION

This case arises out of an allegedly unauthorized photograph of Plaintiff Karen Hepp, which was captured by a security camera in a New York City convenience store and then was posted by third-party users on several websites and social media platforms, including that of Defendant WGCZ, S.R.O. ("WGCZ"). (*See generally*, Am. Compl., ECF No. 50.) Plaintiff asserts that she is a public figure who has suffered harm from the unlawful dissemination and publication of her image and, accordingly, she asserts claims against WGCZ for alleged violation of her common law and statutory right of publicity.

Presently before the Court is WGCZ's Motion to Dismiss the Amended Complaint. (WGCZ Mot., ECF No. 77.) WGCZ argues that it should be dismissed from this action based on a lack of personal jurisdiction. (*Id.* at 1.) In response to WGCZ's Motion, Plaintiff filed an Opposition and a Cross-Motion to Amend the Complaint to Add a Count for Successor Liability and to Add a Party. (Pl.'s Opp./Cross-Mot., ECF No. 83.) Plaintiff's Cross-Motion seeks to add as an additional defendant an entity named NKL Associates, S.R.O. ("NKL"), which Plaintiff contends is a successor company to WGCZ. (*Id.*; *see also* Pl.'s Opp./Cross-Mot. Mem. 2, ECF

No. 83-6.) For the reasons that follow, WGCZ's Motion will be granted, Plaintiff's Cross-Motion to Amend will be denied, and Plaintiff's Complaint will be dismissed.

## II.     BACKGROUND

### A.     Factual Background[1]

Plaintiff is a newscaster who has worked for the Philadelphia-based Fox 29 news team since November 2010. (Am. Compl. ¶ 37.) She "is a co-anchor of the 4 am to 6 am hours of 'Good Day Philadelphia,' a morning news program, and joins the set as co-host for the final hour of the show from 9 am to 10 am." (*Id.* ¶ 38.) Prior to working at Fox 29, Plaintiff worked for other news organizations in New York City, Philadelphia, and Connecticut. (*Id.* ¶¶ 39-41.)

Plaintiff alleges that "[a]pproximately two years ago, [she] discovered through her co-workers and managers, that, without her consent, a photograph of her taken by a security camera in a convenience store in New York City was being used in online advertisements for erectile dysfunction and dating websites." (*Id.* ¶ 43.) Plaintiff further alleges that she "was unaware that her photograph had been taken" in the store, that she "does not know the identity or the location of the store or how her photograph was secured," and that she "has since learned that the photograph has appeared illegally on many other websites." (*Id.* ¶¶ 44-45.) The Amended Complaint also references and attaches as exhibits images and internet addresses of the websites on which her image appeared. (*Id.* ¶¶ 46-48, Exs. L-P.) Plaintiff alleges that the unauthorized dissemination of her image has negatively impacted her "image/brand on social media sites" and her "social media ranking" on sites such as Instagram and Twitter. (*See id.* ¶¶ 51-55.) Plaintiff

---

[1] The factual allegations in the Amended Complaint are accepted as true and construed in the light most favorable to Plaintiff as the non-moving party. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008).

alleges that "Defendants' actions with respect to [her] image have caused serious, permanent and irreparable harm" to "Plaintiff's reputation, brand and image." (*Id.* ¶¶ 64, 71.)

With regard to moving Defendant WGCZ, Plaintiff alleges that it "is a limited liability company existing under the laws of the Czech Republic." (*Id.* ¶ 34.) Plaintiff alleges that WGCZ "owns and operates 'XNXX.com,' a popular adult-oriented website featuring pornographic materials." (*Id.* ¶ 35.) Plaintiff alleges that her photo "was featured on the XNXX site in the 'milf' gallery 44/46 and can be easily downloaded. The XNXX site url address is: https://multi.xnxx.com/gallery/1116129/a34b/milf_gallery_44_46/."[2] (*Id.* ¶ 50, Ex. P.) Review of Exhibit P indicates that the Plaintiff's photograph was posted on XNXX.com by a third party or parties. (*Id*. Ex P.) Specifically, Exhibit P states: "Photos uploaded to: xnxx.com / forum by endzeitH - NylonLuver - DebbyLynn - Ginger Snap - easytiger511111." (*Id.*) The screenshot depicted in Exhibit P is undated and contains nothing to establish when it was uploaded to XNXX.com. (*Id.*) Moreover, Plaintiff does not allege, either in her Amended Complaint or in her Opposition and Cross-Motion to Amend, that WGCZ or NKL authored, created, or developed the photograph of Plaintiff that is the subject of this lawsuit. (*See generally*, Am. Compl.; *see also* Pl.'s Opp./Cross-Mot. Mem. at 6 (stating that WGCZ "provid[es] an interactive pornographic website that *allows users to download* millions of pornographic images and videos. . . ." (emphasis added).))

    B.    **Procedural History**

Plaintiff filed this action on September 4, 2019, asserting in her original Complaint claims against Facebook, Inc.; Imgur, Inc.; Reddit, Inc.; Giphy, Inc.; WGCZ; and Does 1-10, for

---

[2] The Amended Complaint alleges that "milf" is "a derogatory and degrading slang acronym that refers to a sexually attractive woman with young children." (Am. Compl. ¶ 47.)

violation of 42 Pa. Stat. and Cons. Stat. Ann. § 8316 (Count I), and under the Pennsylvania common law right of publicity (Count II).[3] (Compl., ECF No. 1.)  Subsequently, Defendants Imgur, Giphy, Reddit, and Facebook filed motions to dismiss the Complaint.  (*See* ECF Nos. 29, 45, 46, 47.)  When the motions to dismiss the original Complaint were filed, Plaintiff had not yet demonstrated proof of service of the Complaint on WGCZ.  (*See* ECF Nos. 34, 43.)  Plaintiff later effected service on WGCZ pursuant to the Hague Convention, and WGCZ's counsel executed a waiver of service.  (*See* ECF Nos. 52, 68.)

On February 18, 2020, while the other Defendants' motions to dismiss the original Complaint were pending, Plaintiff filed her Amended Complaint, again asserting claims against all of the above-noted Defendants under 42 Pa. Stat. and Cons. Stat. Ann. § 8316 (Count I), and the Pennsylvania common law right of publicity (Count II).  (*See generally* Am. Compl.)  Accordingly, the Court dismissed the motions to dismiss the original Complaint as moot.  (*See* ECF No. 51.)  On March 3, 2020, Defendants Imgur, Reddit, Giphy, and Facebook filed motions to dismiss the Amended Complaint.  (ECF Nos. 53-56.)  Subsequently, Plaintiff voluntarily dismissed her claims against Giphy with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (ECF No. 74.)  On June 5, 2020, the Court issued a Memorandum and Order granting the motions to dismiss filed by Facebook, Imgur, and Reddit, and dismissing Plaintiff's action as to those Defendants with prejudice.  (6/5/20 Mem., ECF No. 81; 6/5/20 Order, ECF No. 82.)  In granting these motions to dismiss, the Court concluded that Facebook, Imgur, and Reddit

---

[3] Plaintiff alleges that the Doe Defendants are "the owners and operators of other websites and/or media outlets" who either performed the acts alleged, "acted as agents, principals, alter egos, employees, or representatives of the other Defendants," or "otherwise participated in the acts alleged with the other Defendants."  (Am. Compl. ¶ 36.)  Plaintiff has not yet identified or served the Doe Defendants.

are entitled to immunity from Plaintiff's claims pursuant to Section 230(c) of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c).  (*See* 6/5/20 Mem. at 2, 8-10.)

Shortly before the Court issued its June 5, 2020 Memorandum and Order, WGCZ filed the Motion to Dismiss that is currently before the Court.  (*See* WGCZ Mot.)  Plaintiff filed her Opposition and Cross-Motion on June 11, 2020, and, on June 18, 2020, WGCZ filed a Reply in support of its Motion and Opposition to Plaintiff's Cross-Motion.  (ECF No. 84.)

### III. LEGAL STANDARDS

#### A. Personal Jurisdiction Under Rule 12(b)(2)

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).  If no evidentiary hearing is held on the motion to dismiss, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  A plaintiff has the burden to establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) (A plaintiff satisfies this *prima facie* standard by presenting facts that, if true, would permit the court to exercise personal jurisdiction over defendant.).

However, when a defendant challenges a court's personal jurisdiction, the plaintiff must then establish its existence. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l*

*Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987).  The plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's . . . motion to dismiss" for lack of personal jurisdiction.  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Instead, the "plaintiff must respond with actual proofs, not mere allegations."  *Id.*

A federal court entertaining a suit must possess one of two forms of personal jurisdiction over each defendant. The first form, known as specific jurisdiction, requires that the plaintiff's claim arise from the defendant's contacts with the forum in which the court sits.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984).  In contrast, the court may exercise general jurisdiction over a defendant who possesses systematic and continuous contacts with the forum regardless of whether the plaintiff's claim derives from the defendant's in-forum activities.  *Id.* at 415 n.9; *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d 2007).  The court must determine whether to exercise either form of jurisdiction in light of the "relationship among the defendant, the forum, and the litigation."  *Helicopteros*, 466 U.S. at 414.

"[S]pecifc jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state."  *Marten*, 499 F.3d at 296.  Determining whether specific jurisdiction exists involves a three-part inquiry.  *O'Connor*, 496 F.3d at 317.  First, the defendant must have "'purposefully directed' his activities" at the forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).  Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities.  *Helicopteros*, 466 U.S. at 414.  Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  *Burger King*, 471 U.S. at 476.  "There must be a 'deliberate targeting of the forum' and 'contacts with a state's citizens that take place outside the state are not purposeful contacts

6

with the state itself.'" *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463-464 (E.D. Pa. 2019) (quoting *O'Connor*, 496 F.3d at 317). "Moreover, 'the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum.'" *Id.* at 464 (quoting *O'Connor*, 496 F.3d at 317 (alteration in original)).

In cases where the alleged wrongdoing sounds in tort, the personal jurisdiction inquiry employs an effects test to determine whether purposeful direction exists. *Calder v. Jones*, 465 U.S. 783 (1984). Under this test, personal jurisdiction can be based on: (1) an intentional tort; (2) expressly aimed at the forum state; (3) causing harm, the brunt of which is suffered — and which the defendant knows is likely to be suffered — in the forum state. *See IMO Indus., Inc., v. Kiekert AG*, 155 F.3d 254, 265-266 (3d Cir. 1998); *Lutz*, 376 F. Supp. 3d at 466. Only if the "expressly aimed" element of the effects test is met does the court need to consider the other two elements. *Marten*, 499 F.3d at 297.

### B. Leave to Amend Under Rule 15(a)

The Plaintiff moves to amend her Amended Complaint under Federal Rule of Civil Procedure 15(a), which states that "leave [to amend a pleading] shall be freely given when justices so requires." Federal Rule of Civil Procedure 15(a) has been interpreted to liberally allow for the amendment of pleadings when justice so requires; however, this privilege is not unfettered. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under certain circumstances, the denial of a motion to amend is appropriate. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In "assessing 'futility,' the district court applies the same standard of legal sufficiency" used in 12(b)(6) motions. *Id.* Accordingly, the court must "accept as true all

the facts alleged in the complaint and all reasonable inferences that can be drawn from them," and deny a motion to amend only "where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

## IV. DISCUSSION

### A. The Court Lacks Personal Jurisdiction Over WGCZ[4]

#### 1. *The Parties' Arguments*

As a threshold matter, WGCZ argues that it is not subject to specific jurisdiction because it did not own or operate the XNXX.com website when the offending photograph of Plaintiff was displayed on that site. (WGCZ Mem. at 7.) Putting ownership of the website to one side, WGCZ also contends that specific jurisdiction is lacking because: (1) Plaintiff has not alleged that WGCZ committed any acts aimed or purposely directed to Pennsylvania; (2) Plaintiff has not alleged that her claims arise out of or relate to WGCZ's contacts with Pennsylvania; and (3) exercising jurisdiction over WGCZ "would be unreasonable and would fail to 'comport with fair play and substantial justice.'" (WGCZ Mem. 6-8 (quoting *Lutz*, 376 F. Supp. 3d at 464).)

In support of its arguments, WGCZ offers the Declaration of Robert Seifert, the administrative director for both WGCZ and NKL. (Seifert Decl. ¶¶ 1, 9, ECF No. 77-2.) Seifert states that "WGCZ does not own or operate the website XNXX.com, or any other websites mentioned in the [A]mended [C]omplaint," and it has not owned or operated XNXX.com since

---

[4] Plaintiff does not contend that WGCZ is subject to general jurisdiction in Pennsylvania. (*See* Pl.'s Opp./Cross-Motion Mem. at 3-4; *see also* WGCZ Mem. 5-6, ECF No. 77-1.) The Court agrees that no basis exists to conclude that WGCZ "maintained systematic and continuous contacts with [Pennsylvania]" as necessary to support the exercise of general jurisdiction. *Marten*, 499 F.3d at 296.
.

8

May of 2014, when WGCZ transferred ownership and operation of the site to NKL.  (*Id.* ¶¶ 4, 10, 11.)  Seifert further attests that:

> WGCZ never has had and does not now have an office in Pennsylvania, and it is not registered to do business in Pennsylvania.  WGCZ has no Pennsylvania-based business operations, no Pennsylvania employees, owns no Pennsylvania property, rents no Pennsylvania property, and pays no Pennsylvania state taxes.  WGCZ does not hold any Pennsylvania bank accounts, has no Pennsylvania mailing address or phone numbers, and does not have any designated agents residing in, domiciled in, or doing business from Pennsylvania.  WGCZ also does not sell products or provide any services intentionally directed or aimed at Pennsylvania.  None of WGCZ's officers or directors reside in or are domiciled in Pennsylvania. . . . WGCZ has never filed a lawsuit in Pennylvania, nor has it sought the protection of any Pennsylvania laws.

(*Id.* ¶¶ 5-6.)  Finally, Seifert states that:  WGCZ "did not expressly aim or purposefully direct any conduct relating to the [A]mended [C]omplaint toward Pennsylvania or any Pennsylvania resident. . . . WGCZ has not purposefully availed itself of the benefits or protections of the laws of Pennsylvania; WGCZ does not operate any servers in Pennsylvania; . . . WGCZ has not received any revenue from any website, photograph or image at issue in this case, and . . . WGCZ has no physical or business presence in Pennsylvania."  (*Id.* ¶¶ 11.)

Plaintiff, in turn, argues that specific personal jurisdiction is appropriate based on WGCZ's internet presence and based on the theory that WGCZ purposefully availed itself of the benefits and privileges of conducting business in the Commonwealth of Pennsylvania.  (Pl.'s Opp./Cross-Mot. Mem. at 4-7.)  In support of her argument, Plaintiff cites to *Ackourney v. Sonallas Custom Tailors*, 573 F. App'x 208, 211 (3d Cir. 2014), and *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997).  These cases stand for the proposition that specific jurisdiction may be exercised over a defendant that establishes minimum contact with a forum through cyberspace based commercial activities over the internet.  *Ackourney*, 573 F. App'x at 211; *Zippo*, 952 F. Supp. at 1123-24.

9

### 2. *Plaintiff Fails to Plausibly Allege Specific Jurisdiction Over WGCZ*

Plaintiff's jurisdictional arguments as to WGCZ lack merit for two related reasons. First, Plaintiff fails to identify plausible allegations or evidence to suggest that XNXX.com was owned or operated by WGCZ when the allegedly offending conduct occurred. Plaintiff cannot establish specific jurisdiction as to WGCZ if it did not own or operate XNXX.com during the relevant time period because, *a fortiori*, if it did not own or operate the site, WGCZ would not be responsible for purposely directing the offending content to Pennsylvania.

In the Amended Complaint, Plaintiff merely alleges that WGCZ was organized under the laws of the Czech Republic and that it owns and operates XNXX.com. (Am. Compl. ¶¶ 34-35.) However, according to the Seifert Declaration, XNXX.com has not been owned or operated by WGCZ since May of 2014. (Seifert Decl. ¶ 10.) WGCZ also produced a copy of the Terms of Service for XNXX.com, which identify NKL as the owner and operator of XNXX.com. (*Id.*, Ex. A.) Plaintiff herself relies upon a World Intellectual Property Organization ("WIPO") arbitration decision filed on April 28, 2020, in *NKL Associates S.R.O. v. WhoisGuard Protected, WhoisGuard, Inc. / James Andrade*, Case No. D2020-0662. (Pl.'s Opp./Cross Mot. Ex. C, ECF No. 83-4.) However, this decision identifies NKL as the owner and operator of XNXX.com.

Plaintiff also cites to a WIPO arbitration decision in *WGCZ S.R.O. v. Whois Privacy Services Pty Ltd./Murat Yikilmaz*, Case No. D2014-0492. (*Id.*, Ex. A, ECF No. 83-2.) However, this WIPO decision was issued on June 17, 2014, and it pertains to a domain name dispute that arose from events that transpired well before May of 2014, when, according to Seifert, NKL assumed ownership and operation of XNXX.com. (*Id.*) This decision does nothing to contradict the Seifert Declaration and does not establish WGCZ's ownership or control over XNXX.com after May of 2014. In short, Plaintiff has not identified any credible evidence to

counter the Seifert Declaration, nor any evidence to indicate that WGCZ owned or operated XNXX.com at the time when Plaintiff's image appeared on that site.

Plaintiff's reliance on the sliding scale internet test is similarly misplaced. (*See* Pl.'s Opp./Cross-Mot. Mem. 4-6 (citing *Ackourney*, 573 F. App'x at 211; *Zippo*, 952 F. Supp. at 1123-24 (W.D. Pa. 1997).)  Under this test, courts assess whether the defendant established minimum contacts through cyberspace.  *Ackourney*, 573 F. App'x at 211.  Courts conducting this assessment must look to the "nature and quality of commercial activity that an entity conducts over the internet."  *Zippo*, 952 F. Supp. at 1124.  The court must examine "the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Id.*  A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.  *Ackourney*, 573 App'x at 212.  The middle ground is occupied by interactive websites where a user can exchange information with the host computer.  In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website.  *Zippo*, 952 F. Supp. at 1124.

Plaintiff alleges that WGCZ has purposely availed itself of the benefits and privileges of conducting business in the Commonwealth of Pennsylvania by maintaining a website that offers a high degree of interactivity.  (Am. Compl. ¶ 4 ("[A]ll Defendants purposely avail themselves of conducting activities within the Commonwealth of Pennsylvania and their respective websites actively engage Pennsylvania-based users and offer a high degree of interactivity with same.").) Plaintiff argues that specific jurisdiction is proper because WGCZ has a vast internet business that reaches into the Commonwealth of Pennsylvania.  Plaintiff cites to the existence of XNXX.com as the foundation for her argument.  Plaintiff argues that XNXX.com is the "181st

11

most visited site globally, the 157th most visited site in the United States, and receives about 16.3 million unique visitors per month in the United States." (Pl.'s Opp./Cross-Motion at 5.) Plaintiff points to this internet presence and argues that WGCZ has Pennsylvania customers who uploaded and downloaded millions of pornographic images and videos. (*Id.* at 6.) Critically, however, this argument ignores the absence of any evidence that Plaintiff's claims *arise out of or relate to* WGCZ's alleged internet presence with respect to XNXX.com., which according to the unrebutted Seifert Declaration, was owned and operated by another entity, NKL. WGCZ's operation of other allegedly interactive websites does not support personal jurisdiction in this case because Plaintiff's claims do not arise out of and are not related to those alleged websites. Plaintiff's argument does not satisfy the requirement that specific personal jurisdiction exists only if the plaintiff's claims "arise out of or relate to" the defendant's specific activities. *Helicopteros*, 466 U.S. at 414.

### 3.  *Plaintiff Is Not Entitled to Jurisdictional Discovery*

Plaintiff is not entitled to jurisdictional discovery because she has failed to plausibly plead facts or identify any evidence to make a threshold showing that specific personal jurisdiction exists over WGCZ. Plaintiff bears the burden of demonstrating facts that support personal jurisdiction. *Pinker*, 292 F.3d at 368. Jurisdictional discovery is proper if the plaintiff has made a *prima facie* showing that personal jurisdiction exists. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). To satisfy this showing, Plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,'" *Id*. at 456. If a plaintiff presents factual allegations that satisfy this standard, "the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Id*. However, the Third Circuit has also held that "a mere unsupported

allegation that the defendant 'transacts business' in an area is 'clearly frivolous'" for purposes of determining whether jurisdictional discovery is warranted. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (affirming district court's denial of jurisdictional discovery where plaintiff merely averred that defendant conducted business in the forum).

The allegation that WGCZ conducts business in the Commonwealth of Pennsylvania amounts to nothing more than a bare allegation that cannot support a request to conduct jurisdictional discovery. *Id*. As noted above, Plaintiff's allegations related to WGCZ's ownership and operation of XNXX.com are unsubstantiated in the record. Plaintiff offers no explanation of how jurisdictional discovery will reveal the requisite contacts or purposely directed activities necessary to establish specific jurisdiction over WGCZ. Bare allegations, without factual support, are insufficient to permit Plaintiff to conduct a fishing expedition under the guise of jurisdictional discovery. *Crockett v. Luitpold Pharmaceuticals, Inc*., No. 19-0276, 2020 WL 3096527, at *5 n.6 (E.D. Pa. June 11, 2020); *Katz v. DNC Serv. Corp.*, No. 16-5800, 2017 WL 5885672, at *7 (E.D. Pa. Nov. 29, 2017) (denying a request for jurisdictional discovery where plaintiff failed to meet its burden of making out a threshold *prima facie* case of personal jurisdiction); *Kalon v. Koresko Fin. LP*, No. 14-5216, 2020 U.S. Dist. Lexis 64116, at *12 n.8 (E.D. Pa. 2020) (denying request for jurisdiction discovery); *See Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 F. App'x 119, 120 (3d Cir. 2017) (affirming denial of request where "jurisdictional discovery would have been futile").

WGCZ is a foreign defendant and it should not be subject to the burden of conducting unnecessary and costly discovery in the United States without some showing on the part of Plaintiff that such discovery is warranted.

### C.     **Plaintiff's Proposed Amendment Is Futile**

Plaintiff seeks to amend her Amended Complaint to "add a count for successor liability and to add NKL as a party[.]"  (Pl.'s Opp./Cross-Mot. at 2.)  As noted above, the Court previously dismissed Plaintiff's claims against Facebook, Imgur, and Reddit based on immunity under CDA § 230(c).  A review of the pleadings and exhibits attached thereto reflects that NKL would likewise be entitled to immunity for the claims asserted in this action based on its ownership and operation of XNXX.com.  (Seifert Decl. ¶ 10; *see also* Am. Compl. Ex. P.)  Plaintiff describes XNXX.com as an "interactive platform by which Pennsylvanians upload and download millions of pornographic images and videos."  (Pl.'s Opp./Cross-Motion at 6.)  Interactive websites and social media platforms are entitled to immunity under § 230(c) for content provided by third parties.  Review of Plaintiff's Amended Complaint and Exhibit P reflects that Plaintiff's photograph was posted on XNXX.com by an individual, or individuals, under the screen name(s) "endzeitH – NylonLuver - DebbyLynn – Ginger Snap – easytiger511111."  (Am. Compl. Ex. P.)  Immunity under § 230(c) applies when a third-party places content on an interactive website or social media platform.  (*See* 6/5/20 Mem.)  Because NKL is entitled to immunity under CDA § 230(c), further amendment of Plaintiff's pleadings would be futile.

## V.   CONCLUSION

For the foregoing reasons, WGCZ's Motion to Dismiss will be granted, Plaintiff's claims against WGCZ will be dismissed for lack of personal jurisdiction, and Plaintiff's Amended Complaint will be dismissed.[5]  Plaintiff's Cross-Motion to Amend her pleading to add NKL as a defendant will be denied because the proposed amendment is futile.

An appropriate order follows.

**BY THE COURT:**


  /s/ John Milton Younge_____
**Judge John Milton Younge**

---

[5] Having dismissed Plaintiff's claims against all named Defendants, Plaintiff's remaining claims exist solely against Doe Defendants.  *See Mcginty v. Brennan,* No. 15-6855, 2017 WL 1536417, at *3 n.6 (D.N.J. Apr. 27, 2017) (citing *Baker v. United States*, 642 Fed. App'x. 147, 152 (3d Cir. 2016) ("Case law is clear that an action cannot be maintained solely against Doe defendants."); *Breslin v. Philadelphia*, 92 F.R.D. 764, 765 (E.D. Pa. 1981) ("Given the identification of the remaining defendants only as 'John Doe,' there is no method of serving the complaint in accord with due process, and no way that the action can otherwise proceed.")).  Accordingly, Plaintiff's Amended Complaint will be dismissed in its entirety. *Id.*

15