UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN HEPP,** | : | |
| *Plaintiff* | : | No. 19-cv-4034-JMY |
| | : | |
| v. | : | |
| | : | |
| **META PLATFORMS, INC.** | : | |
| **f/k/a FACEBOOK, INC.** | : | |
| *Defendants* | : | |

**<u>ORDER</u>**

AND NOW, this 22nd day of April, 2022, upon consideration of the Defendant's Motion to Dismiss the Second Amended Complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (ECF No. 99), and all papers filed in support thereof and in opposition thereto, it is hereby ORDERED and DECREED that the motion shall be DENIED.[2]

Defendant shall file an Answer to the Second Amended Complaint within twenty (20) days of the date that this Order is entered on the docket.

BY THE COURT:

　　/s/ John Milton Younge　
Judge John Milton Younge

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all facts in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

² Plaintiff proceeds against Defendant under Pennsylvania law on two separate legal theories. She asserts both a claim for violation of her statutory right of publicity, 42 Pa. C.S. § 8316, and a claim for violation of her right of publicity under Pennsylvania common law. (Second Amended Complaint, "SAC" ¶¶ 24-41, ECF No. 98.)

Plaintiff is a television news anchor in Philadelphia. (SAC ¶¶ 9-10, 19-21.) She alleges that she is a well-known, recognizable public figure who has spent considerable time building her public image on social media, including on Instagram and Twitter. Therefore, she alleges that Defendant should have been able to readily identify her image based on her notoriety and fame. (*Id.* ¶¶ 24-25, 29.) Approximately two years ago, she discovered that a photograph depicting her image was being used by third parties in online advertisements without her consent. (*Id.* ¶ 15.) Plaintiff concluded that the photograph was taken by a security camera in a New York City convenience store without her knowledge. (*Id.* ¶¶ 15-16, Ex. A.) Plaintiff specifically alleges that Defendant violated her right to publicity when it featured her image in a Facebook advertisement that solicited users to "meet and chat with single women." (*Id.* 18, Ex. B.) She attached a copy of the advertisement to her Second Amended Complaint which clearly displays Facebook's name in the body of the advertisement. (*Id.*)

The Parties appear to agree that Defendant's advertising platform was used to deliver the allegedly improper marketing material to Facebook users. (Brief in Support of Motion to Dismiss page 1, ECF No. 99-1.) However, Defendant argues that it is not responsible for any misappropriation of Plaintiff's likeness or image because the advertisement belonged to FirstMet, an unrelated third-party dating service. (*Id.*) Defendant essentially argues that FirstMet used Plaintiff's image and that it is not responsible for the "sponsored" content that was featured in an advertisement promoting FirstMet's dating service. (*Id.*)

Defendant raises three specific arguments in favor of dismissing this action. (*Id.* (Table of Contents).) Defendant first argues that Plaintiff has not and cannot allege facts to support a claim for violation of her statutory right of publicity under 42 Pa. C.S. § 8316. (*Id.* page 4-6.) Along these lines, Defendant argues that Plaintiff failed to allege facts and cannot allege facts to establish that Defendant used her image for its own commercial purpose as required by 42 Pa. C.S. § 8316(a); additionally, Defendant argues that Plaintiff cannot establish that it had "actual knowledge" of the unauthorized use of Plaintiff's image as required by 42 Pa. C.S. § 8316(d). (*Id.*) Defendant's second argument is that Plaintiff's common law claim for a violation of her right of publicity fails as a matter of law because, to the extent that such a claim is recognized under Pennsylvania common law, it has been abrogated and subsumed by the comprehensive statutory scheme created when the legistature enacted 42 Pa. C.S. § 8316. (*Id.* page 8.) Finally, Defendant argues that Plaintiff failed to plead facts to establish a claim for violation of her right of publicity under Pennsylvania common law—assuming that a common law claim still exists under Pennsylvania law. (*Id.* page 9.)

    A.    *Plaintiff Pled Facts to Establish a Claim for Violation of her Right of Publicity under 42 Pa. C.S. § 8316.*

In its Motion, Defendant states that Plaintiff cannot set forth facts to support a violation of her statutory right of publicity because Defendant did not use her image for a "commercial purpose" or have "actual knowledge" of the unauthorized use as required by 42 Pa. C.S. §8316(a) and (d). (Brief in Support of Motion to Dismiss page 4-6, ECF No. 99-1.) Defendant

argues that it did not create or sponsor the advertisement; therefore, it was simply a mere conduit for its distribution and that no liability attaches. (*Id.*)

The Court finds that these arguments are premature as they are more appropriately reserved for the summary judgment stage in this ligation. Without discovery and the opportunity to develop evidence, the issue of whether Defendant had "actual knowledge" or used Plaintiff's image for "commercial purposes" is an open question. From the pleadings, the Court can draw the inference that a photograph of Plaintiff was used in an advertisement that was featured on Defendant's social media platform. The advertisement attached as an exhibit to the Second Amended Complaint, clearly displays Facebook's name and identity. In addition, it would appear that Defendant's advertising platform was used to disseminate the advertisement at issue. Therefore, the Court will not make a definitive determination as to Defendant's involvement in the advertisement or whether it used the advertisement for a commercial purpose when a plain reading of the advertisement suggests that its origin, and the service it promotes are open to interpretation. The Parties provide no evidence to establish whether revenue or goodwill was generated from the advertisement. Therefore, Defendant's argument that it did not create, edit or generate revenue from the advertisement is simply Defendant's argument, and questions remain as to whether discovery will reveal evidence tending to show otherwise.

Defendant's argument that Plaintiff cannot establish that it had "actual knowledge" of the unauthorized use of her image is equally open to question at the pleading stage in this litigation. In her opposition to Defendant's Motion, though not in her Second Amended Complaint, Plaintiff argues that she affirmatively identified herself and requested that Facebook take down the offending advertisements, which Facebook ignored. (Response in Opposition page 7, ECF No. 100; Reply to Response page 1, ECF No. 101.) Without discovery and the opportunity to develop evidence, the issue of what Defendant "actually knew" is open to question.

> B. *The Court Will Abstain from Deciding the Dispute Over Whether Plaintiff's Claim for Violation of her Right of Publicity under Pennsylvania Common Law Has Been Abrogated and Subsumed by 42 Pa C.S. § 8316.*

Defendant asserts that the comprehensive statutory scheme created by 42 Pa. C.S.§ 8316 abrogates and subsumes the common law claim for right of publicity. Plaintiff disputes this, citing the paucity of Pennsylvania state court cases supporting Defendant's proposition along with the general rule that as a matter of statutory construction "statutes are not presumed to make changes in the rules and principles of common law. . .beyond what is expressly declared in their provisions." *Commonwealth v. Miller,* 364 A.2d 886, 887 (Pa. 1976).

At this juncture in the litigation, the Court does not need to resolve the question of whether Plaintiff's claim for violation of her right of publicity under Pennsylvania common law has been abrogated and subsumed by the comprehensive regulatory scheme created by statute with the enactment of 42 Pa. C.S. § 8316. After a review of the Complaint and related pleadings, the Court has determined that discovery should commence on Plaintiff's statutory claim under 42 Pa. C.S. § 8316. Having concluded that discovery is appropriate on Plaintiff's statutory claim under 42 Pa. C.S. § 8316, the Court finds that Defendant will suffer no prejudice or additional expense by conducting discovery on Plaintiff's common law claim brought on a related legal theory. Therefore, the Court will permit Plaintiff's common law claim to go forward. (Response to Motion to Dismiss page 9.)

      C.      *Plaintiff Pled Adequate Facts in the Second Amended Complaint to State a Claim for Violation of Her Right of Publicity under Pennsylvania Common Law.*

Defendant claims that even if Pennsylvania statutory law does not abrogate the common law right of publicity, Plaintiff's common law claim still fails. The Pennsylvania Supreme Court has recognized a cause of action for invasion of privacy by appropriation of name or likeness. *Vogal v. W.T. Grant Co.*, 458 Pa. 124, 130 (1974); *AFL Phila., LLC v. Krause*, 639 F. Supp. 2d 512, 530 (E.D. Pa. 209) (noting that Pennsylvania courts rely on Restatement (Second) of Torts and its definition of privacy tort when analyzing Right of Publicity). Restatement (Second) of Torts § 652C provides that "[o]ne who appropriates to h[er] own use or benefit the name or likeness of another is subject to liability . . . for invasion of . . . privacy." Restatement (Second) of Torts § 652C, cmt. d.

Based on the facts as pled in the Second Amended Complaint and summarized in relevant part herein above, the Court finds that Plaintiff has set forth sufficient facts to establish a claim under Pennsylvania common law. Plaintiff alleges that she spent considerable time and effort developing her brand image and that Defendant used her image for a commercial purpose without her consent. Defendant argues that this allegation is insufficient, again painting itself as a passive distributor, by arguing that the "more plausible inference is" that Defendant "would have earned the same revenue. . .regardless of whether its ad included Plaintiff's image, someone else's image, or no image at all." (Reply to Response page 7.) However, this is simply Defendant's argument. For the reasons previously discussed when the Court addressed Plaintiff's statutory claim, Parties should proceed to discovery on Plaintiff's common law claim.